UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASKAR KUCHUMOV,

    Plaintiff,

v.                                           Case No. 07-12277
                                           Honorable Patrick J. Duggan

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 24, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff initiated this action on May 25, 2007, seeking to expedite Defendants' adjudication of his application to register as a permanent resident or to adjust his status. Defendants are Michael Chertoff in his capacity as Secretary of the Department of Homeland Security, Emilio Gonzalez in his capacity as Director of the United States Citizenship and Immigration Services ("CIS"), and Robert Mueller in his capacity as director of the Federal Bureau of Investigation ("FBI"). Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Defendants filed their motion to dismiss on July 25, 2007. According to

Defendants, they served Plaintiff with a copy of their motion via regular mail on the same date. This Court issued a notice to the parties on July 26, 2007, indicating that Defendants' motion to dismiss had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion. Nevertheless, Plaintiff has not responded to the motion. On August 31, 2007, the Court informed the parties that it is dispensing with oral argument with respect to Defendants' motion pursuant to Local Rule 7.1(e). For the reasons that follow, the Court grants Defendants' motion to dismiss.

**Factual and Procedural Background**

Plaintiff is a Russian citizen and a current resident of Ann Arbor, Michigan. He entered the United States in 1993 on a student visa. On March 27, 2003, Plaintiff filed an application to lawfully reside in the United States as an alien worker (Form I-140). On the same date, Petitioner filed an Application to Adjust to Permanent Resident Status (Form I-485). Plaintiff's wife is a derivative beneficiary on his Form I-485 application. On July 15, 2003, Plaintiff received his I-140 labor certification. Nevertheless, his Form I-485 remains pending, awaiting the FBI's completion of a background and security check.

When his Form I-485 application had not been processed two years after it was filed, Plaintiff contacted CIS regarding the status of his case. (Compl. ¶ 11.) He thereafter contacted CIS at least once every six months. (*Id.*) On March 2, 2006, CIS's

Nebraska Service Center sent a notification to Plaintiff, informing him that the required background investigation had not been completed and that, until the investigation is completed, it cannot move forward on his case. (Compl. Ex. C.)

On April 28, 2006, Plaintiff contacted United States Senator Carl Levin's office, soliciting help in expediting his application. (Compl. ¶ 13 & Ex. D.) On June 22, 2006, Senator Levin wrote Plaintiff a letter, informing Plaintiff that his I-485 application was "on hold until [CIS] receives the results of the mandatory Federal Bureau of Investigation (FBI) name check." (*Id*. Ex. E.) Senator Levin further informed Plaintiff that his staff had contacted the FBI and had verified that Plaintiff's case remains pending. (*Id*.)

On May 25, 2007, when he still had not received an adjudication of his Form I-485 application, Plaintiff initiated this action. In his complaint, Plaintiff claims that Defendants' delay in adjudicating his I-485 application violates the Administrative Procedures Act ("APA"). Plaintiff seeks a Court order "requiring Defendants to properly adjudicate [his] application for action on an approved petition . . . requiring Defendants to provide [him] with a Notice of Approval . . . and granting such other relief at law and in equity as justice may require." (Compl. ¶ 21.) In his complaint, Plaintiff asserts that this Court has subject matter jurisdiction over his claim pursuant to the APA, Section 28 U.S. §§ 1331 and 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## Applicable Law and Analysis

In their motion to dismiss, Defendants argue that Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, grants the Attorney General of the United States discretionary authority to adjudicate an adjustment of status application.[1] Defendants contend that this discretion extends, not only to the decision whether to grant an alien's application, but also the pace at which a decision is made. From that premise, Defendants argue that neither the federal mandamus statute, 28 U.S.C. § 1361, nor the APA grant district courts subject matter jurisdiction to compel Defendants' adjudication of a Form I-485 application. With regard to Plaintiff's invocation of the Declaratory Judgment Act (28 U.S.C. § 2201) and the federal subject matter jurisdiction statute (28 U.S.C. § 1361), Defendants argue that neither statute provides an independent basis for subject matter jurisdiction.[2]

As an initial matter, this Court notes that Plaintiff's action is one among many

---

[1] The statute provides that the Attorney General is vested with the authority to adjudicate adjustment of status applications, however authority has been transferred to the Secretary of Homeland Security and the CIS. *See* 6 U.S.C. § 271(b)(5).

[2] Defendants are correct with respect to the Declaratory Judgment Act. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879 (1950). They are also correct that 28 U.S.C. § 1331 does not provide an independent source for subject matter jurisdiction, as the statute only confers jurisdiction on the district courts in cases "arising under" the Constitution and laws of the United States. However, as Defendants note in their brief, Section 1331 is the statute that grants district courts subject matter jurisdiction in actions alleging a violation of the APA: "Of course, the APA by itself fails to grant a court subject matter jurisdiction to review a challenge to agency action in the federal courts. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). Rather, jurisdiction of APA claims rests on 28 U.S.C. § 1331." (Defs.' Br. in Supp. of Mot. at 7 n. 5.)

cases being filed across the country challenging the pace at which Defendants are adjudicating I-485 applications. Defendants have raised the same defense in those cases that they raise here– that the district courts lack subject matter jurisdiction to grant the plaintiffs relief. While the district courts that have ruled on the issue agree that the Declaratory Judgment Act does not provide an avenue of relief for the plaintiffs,[3] they are divided in their judgment as to whether the courts possess subject matter jurisdiction under the APA and/or federal mandamus statute. At this time, there is no guiding precedent from the Sixth Circuit Court of Appeals, nor has any other Circuit Court of Appeals decided the issue.

A number of district courts reject Defendants' interpretation of the INA and conclude that the statute does not grant the Attorney General discretionary authority to dictate the pace at which adjustment of status applications are processed. *See, e.g., Gershenzon v. Gonzalez*, No. 07-109, 2007 WL 2728535, at *3 (W.D. Pa. Sept. 17, 2007) (cases cited therein at note 6); *Bondarenko v. Chertoff*, No. 07-00002, 2007 WL 2693642, at *5 (W.D.N.Y. Sept. 11, 2007) (cases cited therein); *Liu v. Novak*, No. 07-263, 2007 WL 2460425, at *5 (D.D.C. Aug. 30, 2007) (cases cited therein); *Tang v. Chertoff*, No. 07-203, 2007 WL 2462187, at *2-3 (E.D. Ky. Aug. 29, 2007) (cases cited therein); *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007). At the

---

[3]*See, e.g., Gershenzon v. Gonzalez*, No. 07-109, 2007 WL 2728535, at *2 n. 2 (W.D. Pa. Sept. 17, 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876 (1950)); *Qui v. Chertoff*, 486 F. Supp. 2d 412, 414 n.1 (D.N.J. 2007).

same time, a number of district courts have dismissed claims similar to plaintiff's for lack of subject matter jurisdiction, concluding that 8 U.S.C. § 1252 grants the Attorney General discretion over the decision whether to grant an I-485 application *and* the adjustment process itself– including the speed at which applications are adjudicated. *See, e.g., Qui v. Chertoff*, 486 F. Supp. 2d 412, 417-20 (D.N.J. 2007) (cases cited at note 3); *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007)*; Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1354 (S.D. Fla 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696, 699-700 (E.D. Va. 2006); *Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001); *Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D. Mich. 2007)(Friedman, J.); *Tageddine v. United States Citizenship and Immigration Services et al*, No. 07-11315 (E.D. Mich. July 12, 2007)(Zatkoff, J.); *Kiromi v. United States Citizenship and Immigration Services*, No. 07-10446 (E.D. Mich. July 13, 2007)(Cook, J.); *Soldo v. Ridge*, No. 03-73200 (E.D. Mich. Jan. 8, 2004)(Steeh, J.). Having reviewed and considered the reasoning in these decisions, this Court agrees with the district courts concluding that the INA grants discretionary authority in the Attorney General to not only decide whether to adjust an alien's status, but also to decide the procedure to adjudicate I-485 applications.

As Section 242 of the INA provides in part: "The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, *in his discretion and under such regulations as he may prescribe*, . . ." 8 U.S.C. § 1255(a) (emphasis added). In this Court's view, the plain language of this section evidences Congress' intent to grant the Attorney General the discretion to
6

prescribe regulations governing the process– including the timing– under which I-485 applications are adjudicated.[4] Moreover, in other sections of the INA empowering the Attorney General to adjudicate an application, Congress has set forth a statutory time period for adjudication and an explicit provision granting applicants a right to judicial review upon the expiration of that time period. *See, e.g.,* 8 U.S.C. § 1447(b) (regarding applications for naturalization). Congress has not provided a similar provision with respect to the Attorney General's adjudication of an application for adjustment of status.

Under the APA, an agency has a duty to conclude a matter presented to it within a "reasonable time." 5 U.S.C. § 555(b). The APA allows a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the APA precludes judicial review to the extent "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). As set forth above, the Court finds that Congress has committed to the Attorney General the discretion to adjudicate adjustment of status applications– including the speed at which such applications are adjudicated. Moreover, the Supreme Court has construed Section 701(a)(2) of the APA as advising against review ". . . if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 1655 (1985). While the APA requires an agency to act within

---

[4]Pursuant to this authority, and relevant to the cause for the delay in Plaintiff's case (*see* Defs.' Mot. Ex. 7), regulations have been passed which grant Defendants the discretion to withhold adjudication of an I-485 application while the application is investigated. 8 C.F.R. § 103.2(b)(18).

7

a "reasonable time," neither the APA nor the INA provide any guidelines for determining at what point the Attorney General's delay in adjudicating a Form I-485 application becomes unreasonable.

The Court also concludes that it does not have jurisdiction in this matter under the federal mandamus statute, 28 U.S.C. § 1361. The statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id*. Courts generally require three prerequisites before issuing a writ of mandamus: (1) that the plaintiff has a "clear and certain claim" to the relief sought; (2) that the defendant has a "plainly defined" and "nondiscretionary, ministerial" duty to do the act in question; and (3) that the plaintiff has no other adequate remedy available. *Zhi He v. Chertoff*, No. 2:07-CV-14, 2007 WL 2572359, at *5 (D. Vt. Sept. 4, 2007) (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)); *see also Anjum v. Hansen*, No. 06-00319, 2007 WL 983215, at *3 (S.D. Ohio Mar. 28, 2007). For the reasons set forth above, the Court finds that Defendants do not have a clear and nondiscretionary duty to adjudicate Plaintiff's I-485 application within a specified period of time.

The Court appreciates Plaintiff's frustration with the delay in the adjudication of his Form I-485 application. The Court also acknowledges the substantial hardship that Plaintiff asserts this delay is causing him and his family. Nevertheless, for the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's complaint.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Askar Kuchumov
5873 Villa France Avenue
Ann Arbor, MI   48103

AUSA Steven P. Croley